# Exhibit A

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | CASE NO: 2022-CP-10- |
| BRANDON HASKELL, as Personal Representative of the Estate of Antwan Haskell, by and through his assignee, Danté Pelzer, as Personal Representative of the Estate of Jai'Von Pelzer, | COMPLAINT<br><br>*(Jury Trial Demanded)* |
| Plaintiff, | |
| vs. | |
| EAN HOLDINGS, LLC and ENTERPRISE LEASING COMPANY – SOUTHEAST, LLC, | |
| Defendants. | |

Plaintiff alleges:

## THE PARTIES

1. Plaintiff Brandon Haskell ("Haskell") is a resident of Charleston County, South Carolina, and is the duly appointed Personal Representative of the Estate of Antwan Haskell, deceased.

2. Danté Pelzer ("Pelzer") is a resident of Berkeley County, South Carolina, and is the duly appointed Personal Representative of the Estate of Jai'Von Pelzer, deceased.

3. Pelzer is the assignee of Haskell with respect to the causes of action asserted herein. A copy of the subject assignment is attached hereto as Exhibit A.

4. Pelzer bring this action in the name of Haskell and in his capacity as assignee of Haskell, as further described herein.

5. Defendant EAN Holdings, LLC ("EAN") is a limited liability company organized under the laws of the State of Delaware that is authorized to conduct and in fact conducts business in the State of South Carolina.

6. Defendant Enterprise Leasing Company – Southeast, LLC ("Enterprise") is a limited liability company organized under the laws of the State of Delaware that is authorized to conduct and in fact conducts business in the State of South Carolina.

7. EAN is an operating subsidiary of Enterprise Holdings, Inc., the largest car rental company in the world as measured by revenue, fleet, and employees.

8. Enterprise is an operating subsidiary of Enterprise Holdings, Inc., the largest car rental company in the world as measured by revenue, fleet, and employees.

9. Enterprise is an affiliate of Enterprise Holdings, Inc.

10. Defendants are affiliates.

11. EAN is engaged in the business of renting motor vehicles to the public under rental agreements for periods of not more than ninety days.

12. Enterprise is engaged in the business of renting motor vehicles to the public under rental agreements for periods of not more than ninety days.

13. Upon information and belief, EAN is the titled owner of all vehicles rented from Enterprise.

14. Upon information and belief, with the consent of EAN, Enterprise rents EAN's vehicles in South Carolina to certain authorized users pursuant to rental agreements between those renters and Enterprise, as the rental company.

15. Upon information and belief, with the consent of EAN, Enterprise grants permission to authorized individuals to use EAN's vehicles pursuant to rental agreements issued in South Carolina.

16. EAN is a self-insured entity which extends financial responsibility on vehicles owned by EAN that are rented by Enterprise.

17. ELCO Administrative Services Company ("ELCO") is an operating subsidiary of Enterprise Holdings, Inc.

ELECTRONICALLY FILED - 2022 Jul 15 10:59 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003197

18. ELCO is an affiliate of EAN.

19. At all times relevant herein, ELCO was acting as EAN's duly authorized agent as third-party liability claims administrator on behalf of EAN.

20. ELCO is an affiliate of Enterprise.

21. At all times relevant herein, ELCO was acting as Enterprise' duly authorized agent as third-party liability claims administrator on behalf of Enterprise.

22. Based upon representations by ELCO, Plaintiff is informed and believes Enterprise is a self-insured entity which extends financial responsibility on vehicles rented by Enterprise.

## THE RENTAL AGREEMENT

23. At all times relevant herein, EAN was the owner of a 2018 Chevrolet automobile, VIN 1G1FF1R79J0119027, South Carolina license plate number NUF 649 (the "Chevrolet").

24. On or before February 24, 2018, Enterprise rented the Chevrolet to Antwan Haskell pursuant to a rental agreement (the "Rental Agreement").

25. Enterprise and Antwan Haskell entered into the Rental Agreement in South Carolina.

26. Pursuant to the Rental Agreement, EAN, as self-insurer, agreed to indemnify Antwan Haskell for damages for which he became legally liable on account of accidents arising out of his use of the Chevrolet during the effective dates of the Rental Agreement, with limits as set forth in S.C. CODE ANN. § 38-77-140 (1976, as amended) (this indemnity agreement is hereinafter referred to as the "Certificate of Insurance").

27. Enterprise, as the company renting the Chevrolet to Haskell, was a party to the Rental Agreement.

28. Enterprise, as the company renting the Chevrolet to Haskell, issued the Certificate of Insurance.

ELECTRONICALLY FILED - 2022 Jul 15 10:59 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003197

29. EAN, as the self-insurer of the Chevrolet, issued the Certificate of Insurance.

30. The Rental Agreement was in effect on February 24, 2018.

31. The Certificate of Insurance was in effect on February 24, 2018.

32. At all times relevant herein, Antwan Haskell was using the Chevrolet with the permission of EAN.

33. At all times relevant herein, the Chevrolet was an "insured motor vehicle," as defined by S.C. CODE ANN. § 56-9-20(1) (1976, as amended), because it was a motor vehicle as to which the owner had qualified as a self-insurer in accordance with the provisions of S.C. CODE ANN. § 56-9-60 (1976, as amended).

34. At all times relevant herein, Antwan Haskell was using the Chevrolet with the permission of Enterprise.

35. At all times relevant herein, Antwan Haskell was an "insured," as defined by S.C. CODE ANN. § 38-77-30(7) (1976, as amended), with respect to the Chevrolet.

36. At all times relevant herein, Antwan Haskell was an "insured," as defined by S.C. CODE ANN. § 38-77-30(7) (1976, as amended), with respect to the self-insurance provided by EAN on the Chevrolet.

37. At all times relevant herein, Antwan Haskell was an "insured," as defined by S.C. CODE ANN. § 38-77-30(7) (1976, as amended), with respect to the self-insurance provided by Enterprise on the Chevrolet.

## THE COLLISION

38. On February 24, 2018., Antwan Haskell was driving the Chevrolet in North Charleston, South Carolina, when he negligently caused a collision with a vehicle occupied by Jai'Von Pelzer (the "Collision").

ELECTRONICALLY FILED - 2022 Jul 15 10:59 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003197

39. Jai'Von Pelzer sustained fatal injuries as a result of the Collision.

40. Other individuals sustained injuries and damages as a result of the Collision.

41. The Collision, as well as Jai'Von Pelzer's injuries and death, were directly and proximately caused by Antwan Haskell's negligent and reckless acts and omissions in his use of the Chevrolet.

42. Antwan Haskell also died as a result of injuries sustained in the Collision.

## THE CLAIMS

43. As a result of the Collision, Pelzer, as Personal Representative of the Estate of Jai'Von Pelzer made damages claims against Haskell and under the Certificate of Insurance.

44. At all times relevant herein, ELCO acted as EAN's duly authorized third-party liability claims administrator on behalf of EAN with respect to Pelzer's claims against Haskell and for coverage under the Certificate of Insurance.

45. At all times relevant herein, ELCO was EAN's agent and acted within the course and scope of its agency.

46. As such, EAN is bound by ELCO's acts and omissions with respect to Pelzer's claims against Haskell and for coverage under the Certificate of Insurance.

47. ELCO was also at all times relevant herein acting as Enterprise's duly authorized third-party liability claims administrator on behalf of EAN with respect to Pelzer's claims against Haskell and for coverage under the Certificate of Insurance.

48. At all times relevant herein, ELCO was Enterprise's agent and acted within the course and scope of its agency.

49. As such, Enterprise is bound by ELCO's acts and omissions with respect to Pelzer's claims against Haskell and for coverage under the Certificate of Insurance.

ELECTRONICALLY FILED - 2022 Jul 15 10:59 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003197

50. Pelzer communicated with ELCO regarding his claims against the Estate of Antwan Haskell as a result of the Collision.

51. ELCO described to Pelzer the financial responsibility benefits provided to Antwan Haskell pursuant to the Rental Agreement as "coverage."

52. ELCO represented to Pelzer that Enterprise, as a "self-insured," provided that coverage to Antwan Haskell.

53. Pelzer offered to ELCO to settle his claims against the Estate of Antwan Haskell as a result of the Collision in a fashion that would have protected the Estate of Antwan Haskell from any personal liability for damages resulting from the Collision in exchange for payment by EAN and/or Enterprise pursuant to the coverage afforded pursuant to the Rental Agreement and/or Certificate of Insurance.

54. Defendants – through ELCO – declined to settle Pelzer's claims in a fashion that would have protected the Estate of Antwan Haskell from any personal liability, instead contending its bodily injury and property damage limits would have to be divided among Pelzer and other parties.

55. Defendants lacked a reasonable basis to take this position.

56. Defendants thereby failed to settle Pelzer's claims against the Estate of Antwan Haskell in a manner that would have protected it from any personal liability to Pelzer for damages resulting from the Collision.

57. Defendants undertook to defend the Estate of Antwan Haskell against the claims of two other claimants against the Estate of Antwan Haskell as a result of the Collision.

58. Defendants retained Langdon Cheves, Esquire, to represent the Estate of Antwan Haskell and to represent it in defense of the claims of the two other claimants.

59. Thereafter, at the direction of Enterprise, Mr. Cheves filed an action on behalf of Enterprise against the Estate of Antwan Haskell and others while at the same time purporting to represent the Estate of Antwan Haskell.

60. In fact, Mr. Cheves was at all relevant times acting as an attorney for Enterprise.

61. As such, at all times relevant herein, Mr. Cheves was acting as Enterprise's agent within the course and scope of his agency such that Enterprise is bound by Mr. Cheves' acts and omissions with respect to Pelzer's claims against Haskell and for coverage under the Certificate of Insurance.

62. Defendants settled the other two claims against the Estate of Antwan Haskell as a result of the Collision by paying their full self-insured bodily injury and property damage limits to those claimants.

63. Upon information and belief, although Defendants assumed control of the defense of the Estate of Antwan Haskell with respect to all claims as a result of the Collision, they made all decisions about settling or not settling those claims without input or direction from the Estate of Antwan Haskell.

64. After settling the two other claimants' claims, Defendants took the position that they had no obligation to defend the Estate of Antwan Haskell from Pelzer's claims as a result of the Collision.

65. At that time, Defendants also took the position that they had no obligation to indemnify the Estate of Antwan Haskell from Pelzer's claims as a result of the Collision.

## THE LAWSUIT

66. On November 1, 2019, Pelzer commenced a lawsuit against Haskell in the Court of Common Pleas for Charleston County, case number 19-CP-10-05767, seeking the recovery of

ELECTRONICALLY FILED - 2022 Jul 15 10:59 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003197

damages as a result of Jai'Von Pelzer's personal injuries and wrongful death as a result of Antwan Haskell's tortious conduct in causing the Collision (the "Lawsuit").

67. Defendants received a copy of the Lawsuit's Summons and Complaint.

68. Defendants declined to provide Haskell with a defense to the Lawsuit, although they had provided a defense to Haskell for another lawsuit against him as a result of the Collision.

69. The Lawsuit resulted in a final judgment in favor of Pelzer against Haskell in the amount of $5,000,000.00.

70. Defendants have refused to satisfy the judgment against Haskell as a result of the Lawsuit.

## THE ASSIGNMENT

71. After Pelzer obtained a judgment against Haskell in the Lawsuit, Haskell assigned to Pelzer all contract and tort claims Haskell has or may have against Defendants. (*See* Exhibit A).

## AS A FIRST CAUSE OF ACTION
*(Breach of Contract)*

72. Plaintiff realleges the allegations of the foregoing paragraphs as if fully set forth herein.

73. The Rental Agreement was a binding contract between Antwan Haskell and Enterprise.

74. The Certificate of Insurance issued by Enterprise to Antwan Haskell pursuant to the Rental Agreement was a binding contract between Antwan Haskell and Enterprise.

75. The Rental Agreement was a binding contract between Antwan Haskell and EAN.

76. The Certificate of Insurance issued by EAN to Antwan Haskell pursuant to the Rental Agreement was a binding contract between Antwan Haskell and EAN.

77. There exists in every contract an implied covenant of good faith and fair dealing.

78. As self-insured entities providing coverage for financial responsibility to Antwan Haskell, Defendants provided a substitute for an insurance policy.

ELECTRONICALLY FILED - 2022 Jul 15 10:59 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003197

79. As self-insured entities providing coverage for financial responsibility to Antwan Haskell, Defendants were required to provide the same protection to the public that a statutory liability insurance policy would provide.

80. Defendants breached their obligations under the foregoing contracts, including the covenant of good faith and fair dealing implied therein, by failing and refusing to defend Haskell from Pelzer's claims as a result of the Collision.

81. Defendants breached their obligations under the foregoing contracts, including the covenant of good faith and fair dealing implied therein, by failing to communicate adequately with Haskell regarding Pelzer's claims as a result of the Collision, other claims as a result of the Collision, and Haskell's options with respect to possible settlement of the various claims.

82. Defendants breached their obligations under the foregoing contracts, including the covenant of good faith and fair dealing implied therein, by purporting to provide defense counsel to protect the Estate of Antwan Haskell's interests from claims resulting from the Collision, by then having that attorney represent Enterprise's interests by, among other things, filing suit against the Estate of Antwan Haskell, and by coordinating settlement with other claimants without communication with Haskell or consideration for the interests of the Estate of Antwan Haskell.

83. Defendants breached their obligations under the foregoing contracts, including the covenant of good faith and fair dealing implied therein, by failing and refusing to indemnify Haskell from the judgment obtained by Pelzer against him.

84. Defendants' acts and omissions as set forth above constitute breaches of contract.

85. As a direct and proximate result of Defendants' breaches of contract, Plaintiff has suffered losses and damages including, without limitation, a judgment against him and consequential damages.

86. Plaintiff is entitled to a judgment against Defendants for actual damages.

## AS A SECOND CAUSE OF ACTION
### (Bad Faith)

87. Plaintiff realleges the allegations of the foregoing paragraphs as if fully set forth herein.

88. The relationship between Antwan Haskell and Defendants created by the Rental Agreement, the Certificate of Insurance, and Defendants' status as self-insured entities providing coverage for financial responsibility to Antwan Haskell was a special relationship analogous to the relationship between an insured and an insurer; therefore, public policy favors and South Carolina law should permit a tort recovery by Haskell against Defendants for their breaches of the covenant of good faith and fair dealing.

89. Defendants negligently, recklessly, willfully, and/or wantonly breached the covenant of good faith and fair dealing in one or more of the following ways:

   a. In placing their own interests ahead of those of the Estate of Antwan Haskell;

   b. In unreasonably failing or refusing to settle Pelzer's claims within their coverage limits;

   c. In negligently, willfully, and recklessly failing or refusing to settle Pelzer's claims within their coverage limits;

   d. In failing to advise its insured adequately regarding the opportunities to settle Pelzer's claims within their coverage limits;

   e. In failing to advise Haskell adequately regarding the outcome of the litigation of the Pelzer's claims, if not settled, including the potential of an excess judgment;

   f. In failing to advise Haskell adequately regarding the steps he may take to avoid a possible excess judgment stemming from Pelzer's claims;

   g. In denying the Estate of Antwan Haskell the protection of accepting offers that would have included a settlement of Pelzer's claims within their coverage limits when a reasonable person would not have done so under the circumstances if only his financial interests were at stake;

   h. In denying the Estate of Antwan Haskell the protection of accepting offers that would have included a settlement of Pelzer's claims within their coverage limits without a reasonable basis or just cause;

   i. In denying the Estate of Antwan Haskell the protection of accepting offers that would have included a settlement of Pelzer's claims within their coverage limits in bad faith;

ELECTRONICALLY FILED - 2022 Jul 15 10:59 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003197

j. In failing to communicate adequately with Haskell regarding his options for settlement of claims resulting from the Collision;

k. In failing to fully investigate all claims arising out of the Collision to determine how to best limit the Estate of Antwan Haskell's liability;

l. In failing to investigate properly all potential claims arising out of the Collision;

m. In failing to attempt to settle as many claims as possible within their coverage limits;

n. In making indiscriminate decisions on settling claims arising out of the Collision that left the Estate of Antwan Haskell at risk for an excess judgment that could have been minimized by wiser settlement practices;

o. In purporting to provide defense counsel to the Estate of Antwan Haskell while knowing the attorney was acting on behalf of Defendants' interests;

p. In having Mr. Cheves sue the Estate of Antwan Haskell while purporting to have him simultaneously represent the Estate of Antwan Haskell;

q. In failing to act diligently on the Estate of Antwan Haskell's behalf, and with the same haste and precision as if it were in its shoes, to avoid an excess judgment resulting from Pelzer's claims; and

r. In failing to attempt in good faith to effect prompt, fair, and equitable resolution of Pelzer's claims against the Estate of Antwan Haskell when its liability had become reasonably clear.

90. By reason of Defendants' conduct, Plaintiff directly and proximately suffered actual damages including, without limitation, a judgment entered against the Estate of Antwan Haskell in excess of coverage afforded by Defendants and consequential damages.

91. Plaintiff is entitled to a judgment against Defendants for actual damages.

92. Defendants' conduct also warrants an award of punitive damages in favor of Plaintiff.

## AS A THIRD CAUSE OF ACTION
*(Negligence)*

93. Plaintiff realleges the allegations of the foregoing paragraphs as if fully set forth herein.

94. Defendants owed the Estate of Antwan Haskell a duty to use reasonable care in handling and to respond fairly and reasonably to claims for the Estate of Antwan Haskell's financial responsibility for claims resulting from the Collision.

95. Defendants also owed the Estate of Antwan Haskell a duty to communicate accurately and effectively with regard to its potential financial responsibility for claims resulting from the Collision and with regard to options to settle those claims.

96. In fact, Defendants have adopted and implemented policies and procedures for handling and responding to claims against authorized renters, including an agreement with ELCO to act as Defendants' third-party liability administrator for such claims.

97. As such, Defendants also assumed duties to use reasonable care in handling and to respond fairly and reasonably to third-party liability claims against authorized renters (such as Antwan Haskell) and to communicate accurately and effectively with regard to those authorized renters' potential financial responsibility for claims resulting from the collisions while operating Defendants' vehicles.

98. Additionally, following the Collision, Defendants undertook to respond to Pelzer's claims against the Estate of Antwan Haskell and to propose a possible settlement of those claims; as such, Defendants assumed the duty of using reasonable care in defending those claims and thereby owed the Estate of Antwan Haskell the duty of settling Pelzer's claims reasonably.

99. For reasons set forth above, Defendants negligently, recklessly, and grossly negligently breached the above duties with respect to their handling of and response to Pelzer's claims against the Estate of Antwan Haskell.

100. As a direct and proximate result of Defendants' negligence, recklessness, and gross negligence, Plaintiff sustained actual and consequential damages, for which Defendants are liable to Plaintiff.

101. Given the nature of their reckless and grossly negligent conduct, Defendants are also liable to Plaintiff for punitive damages.

ELECTRONICALLY FILED - 2022 Jul 15 10:59 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003197

## AS A FOURTH CAUSE OF ACTION
*(Violation of the Unfair Trade Practices Act)*

102. Plaintiff realleges the allegations of the foregoing paragraphs as if fully set forth herein.

103. Defendants' conduct as described above constitutes unfair and deceptive acts or practices in the conduct of trade or commerce.

104. None of Defendants' conduct as described above is permitted under laws administered by any regulatory body or officer acting under statutory authority of this State or the United States or by any other South Carolina state law.

105. Defendants' actions are capable of repetition and have in fact been repeated.

106. Defendants' actions adversely affect the general public.

107. Defendants' actions are in violation of the South Carolina Unfair Trade Practices Act ("UTPA"), S.C. CODE ANN. § 39-5-10, *et seq.* (1976, as amended).

108. Plaintiff has suffered damages as a direct and proximate result of Defendants' violation of the UTPA.

109. Given the intentional, willful, and knowing nature of Defendants' conduct, Plaintiff is entitled to an award not only of actual damages, but also treble damages.

110. Plaintiff is also entitled to an award of attorney's fees and costs under the UTPA.

WHEREFORE, Plaintiff prays for a monetary judgment against Defendants for actual damages consisting of the liquidated sum of $5,000,000.00, plus interest at the legal rate from March 25, 2021, as well as consequential damages, and for treble damages, punitive damages, attorneys' fees, costs, and such other relief as the Court may deem reasonable and proper.

**DEFENDANTS AND THEIR ATTORNEYS ARE HEREBY NOTIFIED THAT PLAINTIFF HAS SERVED INTERROGATORIES AND REQUESTS FOR PRODUCTION WITH THE SUMMONS AND COMPLAINT. RESPONSES TO THESE DISCOVERY REQUESTS ARE DUE WITHIN 45 DAYS PER RULES 33(a) & 34 (b), SCRCP. IF DEFENSE COUNSEL LACKS COPIES OF ANY DISCOVERY**

**REQUEST, HE/SHE IS ADVISED TO CONTACT PLAINTIFF'S COUNSEL IMMEDIATELY TO OBTAIN COPIES.**

                              CLAWSON FARGNOLI UTSEY, LLC
                              2 Amherst Street
                              Charleston, SC  29403
                              Telephone (843) 970-2700
                              Email: bert@cfulaw.com
                              SC Bar No.:  10093

                    By: */s/Bert G. Utsey, III*
                              BERT G. UTSEY, III

                              ATTORNEYS FOR PLAINTIFF

July 15, 2022
Charleston, South Carolina

ELECTRONICALLY FILED - 2022 Aug 08 10:05 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003197

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | CASE NO.: 2022-CP-10-03197 |
| BRANDON HASKELL, as Personal Representative of the Estate of Antwan Haskell, by and through his assignee, Danté Pelzer, as Personal Representative of the Estate of Jai'Von Pelzer, | |
| Plaintiff, | |
| vs. | PROOF OF SERVICE BY CERTIFIED MAIL |
| EAN HOLDINGS, LLC and ENTERPRISE LEASING COMPANY – SOUTHEAST, LLC, | |
| Defendants. | |

The undersigned states that on July 28, 2022, I mailed true copies of the

- Summons & Complaint
- Plaintiff's First Set of Interrogatories, and
- Plaintiff's First Set of Requests for Production.

bearing Civil Action No. 2022-CP-10-03197, via U.S. Certified Mail - Receipt No. 7021.1970.0000.1906.6386 - addressed to:

> CT Corporation System
> Registered Agent for Enterprise Leasing Company – Southeast, LLC
> 2 Office Park Court, Suite 103
> Columbia, South Carolina 29223

The Domestic Return Receipt, attached hereto and made part hereof by reference, reflects delivery of said mailing on August 1, 2022.

August 8, 2022

*Hildegard L. Davis*
Hildegard L. Davis
Legal Assistant to Bert G. Utsey, III

ELECTRONICALLY FILED - 2022 Aug 08 10:05 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003197

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | CASE NO.: 2022-CP-10-03197 |
| BRANDON HASKELL, as Personal Representative of the Estate of Antwan Haskell, by and through his assignee, Danté Pelzer, as Personal Representative of the Estate of Jai'Von Pelzer, | |
| Plaintiff, | |
| vs. | |
| EAN HOLDINGS, LLC and ENTERPRISE LEASING COMPANY – SOUTHEAST, LLC, | |
| Defendants. | |

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   C T Corporation System
   Registered Agent for Enterprise
   Leasing Company – Southeast, LLC
   2 Office Park Court, Suite 103
   Columbia, South Carolina 29223

   9590 9402 7298 2028 6505 02

2. Article Number (Transfer from service label)

   7021 1970 0000 1906 6386

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                   8/__/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

ELECTRONICALLY FILED - 2022 Aug 08 10:58 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003197

## Certificate of Electronic Notification

**Recipients**

**Bert Utsey**  - Notification transmitted on 08-08-2022 10:05:35 AM.

## ****** IMPORTANT NOTICE - READ THIS INFORMATION *****
## NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2022CP1003197

| | |
|---|---|
| **Official File Stamp:** | 08-08-2022 10:05:18 AM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Charleston |
| **Case Caption:** | Brandon Haskell , plaintiff, et al VS Ean Holdings Llc , defendant, et al |
| **Document(s) Submitted:** | Service/Certificate Of Service Certified Mail |
| **Filed by or on behalf of:** | Bert Glenn Utsey, III |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

Bert Glenn Utsey, III for Brandon Haskell, Jai'Von Pelzer, Dante Pelzer, Antwan Haskell

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Jai'Von Pelzer Estate

Brandon Haskell Personal Representative

Enterprise Leasing Company Southeast Llc

Antwan Haskell Estate

Ean Holdings Llc

Dante Pelzer Personal Representative

ELECTRONICALLY FILED - 2022 Aug 08 10:58 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003197