# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Brandon Haskell, as personal representative of the Estate of Antwan Haskell, by and through his assignee, Dante Pelzer, as personal representative of the Estate of Jai'Von Pelzer,<br><br>  Plaintiff,<br>v.<br><br>EAN Holdings, LLC and Enterprise Leasing Company–Southeast, LLC,<br><br>  Defendants. | Civil Action No. 2:22-cv-02918-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiff's motion to dismiss Defendant Enterprise Leasing Company–Southeast, LLC's ("Enterprise") counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). (Dkt. No. 44). Defendant Enterprise opposed the motion (Dkt. No. 48), and Plaintiff replied. (Dkt. No. 51). Based on the reasons set forth below, the Court denies Plaintiff's motion to dismiss.

## I.     Background

Plaintiff in this action is Brandon Haskell, as Personal Representative of the Estate of Antwan Haskell, by and through his assignee, Dante Pelzer, as Personal Representative of the Estate of Jai'Von Pelzer.

On February 23, 2018, Defendant Enterprise rented to Antwan Haskell a 2018 Chevrolet owned by Defendant EAN Holdings, LLC. While Antwan Haskell was operating the 2018 Chevrolet, Haskell caused a collision that resulted in the deaths of Antwan Haskell, Jai'Von Pelzer, Shanecquia Brooks, and Jasmine Brooks. Plaintiff alleges that Defendants "agreed to settle the Brooks claims against the Estate of Antwan Haskell as a result of the Collision by paying their full

1

self-insured bodily injury and property damage limits to Brooks." (Dkt. No. 26 at ¶ 89). The Estate of Jai'Von Pelzer, which was excluded from the Brooks' settlement, commenced a lawsuit against the Estate of Antwan Haskell to recover damages resulting from Pelzer's wrongful death and won a $5,000,000 judgment in state court. Thereafter, Brandon Haskell, as Personal Representative of the Estate of Antwan Haskell, "assigned to Pelzer all contract and tort claims that Haskell has or may have against Defendants." (Dkt. No. 26 at ¶ 100).

Plaintiff asserted four claims against Defendants: breach of contract, bad faith, negligence, and violation of the South Carolina Unfair Trade Practices Act ("SCUPTA"). (Dkt. No. 26). On March 20, 2023, the Court granted in part Defendants' motion to dismiss, dismissing all claims except Plaintiff's breach of contract and bad faith claims. (Dkt. No. 33).

On May 04, 2023, Defendants answered the amended complaint, and Defendant Enterprise asserted a counterclaim for breach of contract. (Dkt. No. 35 at 19-23). Defendant Enterprise alleged that "Haskell breached his obligations under the Rental Agreement by driving the Camaro 'in an illegal or reckless manner' and while 'impaired by the use of narcotics, alcohol, intoxicants, or drugs.'" (*Id.* at 22). Defendant Enterprise alleges that "Haskell's breach of his contractual obligations has caused damages to Enterprise." (*Id.*).

On June 8, 2023, Plaintiff moved to dismiss Defendant Enterprise's breach of contract counterclaim. (Dkt. No. 44). Plaintiff argues that (1) Defendant Enterprise failed to join the Estate of Antwan Haskell as a necessary party; (2) Defendant Enterprise's counterclaim is barred by the statute of limitations; (3) Defendant Enterprise's counterclaim is contrary to the requirements of the Financial Responsibility Act; and (4) Defendant Enterprise is estopped from asserting a denial of coverage. (*Id.*). Defendant Enterprise opposes each of Plaintiff's arguments in its opposition to the motion to dismiss. (Dkt. No. 48). This matter is ripe for the Court's review.

**II.      Legal Standard**

   **A. Rule 12(b)(6)**

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

   **B. Rule 12(b)(7)**

Rule 12(b)(7) provides that an action may be dismissed for failure to join a required party under Rule 19. *See* FED. R. CIV. P. 12(b)(7). "The inquiry contemplated by Rule 19 is a practical one" which is left "to the sound discretion of the trial court." *Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980). First, the court must determine whether an

absent party is "necessary" to the action, as detailed in Rule 19(a). *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). If the person is not a necessary party under Rule 19, the inquiry ends. *Mainstream Constr. Grp., Inc. v. Dollar Props.*, LLC, No. 7:09-cv-00148-BR, 2010 WL 2039671, at * 2 (E.D.N.C. May 20, 2010). On consideration of a Rule 12(b)(7) motion, the movant bears the burden of "show[ing] that the [absentee] is needed for just adjudication." *Am. Gen. Life & Accident Ins. Co.*, 429 F.3d at 92 (citation omitted).

### III. Discussion

#### A. The Court Treats Defendant Enterprise's Breach of Contract Counterclaim as a Recoupment Defense.

Rule 8(c)(2) provides that "[i]f a party mistakenly designates a defense as a counterclaim . . . the court must, if justice requires, treat the pleading as though it were correctly designated." FED. R. CIV. P. 8(c). The Court finds that Defendant Enterprise's breach of contract counterclaim is a recoupment defense and treats the pleading as though it were properly designated.

"Pursuant to South Carolina law, an assignee enjoys the same rights as the assignor." *W. World Ins. Grp. v. Church Mut. Ins. Co.*, No. 20-2001, 2022 WL 220644, at *6 (4th Cir. Jan. 25, 2022). "However, absent an agreement to the contrary, the common law assignee takes only the benefits, not the burdens of the assigned obligation." *Rosemond v. Campbell*, 288 S.C. 516, 523 (Ct. App. 1986). "Thus, as against the assignee, the obligor can only assert a claim defensively when the assignee seeks to enforce the obligation; he has no common law right to sue the assignee affirmatively on a claim against the assignor arising from the underlying obligation." *Id.*

In South Carolina, the obligor's defensive claim is a recoupment defense. "Recoupment is the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very contract giving rise to the plaintiff's

4

claim." *First Nat. Bank of Louisville v. Master Auto Serv. Corp.*, 693 F.2d 308, 310 n.1 (4th Cir. 1982).

The Court finds that Defendant Enterprise's breach of contract counterclaim is a recoupment defense. By operation of South Carolina law, Pelzer, the assignee, "takes only the benefits, not the burdens of the assigned obligation" unless there is "an agreement to the contrary." *Rosemond*, 288 S.C. at 523. Defendant Enterprise asserts its claim but does not allege that Pelzer assumed any burdens or obligations by virtue of assignment. Accordingly, as was the case here, Defendant Enterprise "can only assert a claim defensively" if the assignee sues on the underlying agreement. *Id.* Nevertheless, Defendant Enterprise still cannot, and argues that it does not, seek affirmative relief.

Defendant Enterprise argues that it does "not seek to recover excess amounts from the assignee but bring the claim only to the extent it diminishes the assignee's claims." (Dkt. No. 48 at 7). Defendant Enterprise argues that its claim is "effectively a recoupment defense." (*Id.*). *See Rusnack v. Cardinal Bank, N.A.*, 695 F. App'x 704, 711 (4th Cir. 2017) (A recoupment claim "may only be used to diminish plaintiff's recovery, and may not be the basis for affirmative relief.") (quotations and citations omitted). Accordingly, the Court finds that Defendant Enterprise "mistakenly designate[d] a defense as a counterclaim," but the Court "treat[s] the pleading as though it were correctly designated." FED. R. CIV. P. 8(c)(2).

**B. The Statute of Limitations is Inapplicable to Defendant Enterprise's Recoupment Defense.**

As explained above, the Court finds that Defendant Enterprise's breach of contract counterclaim is a recoupment defense and treats the pleading as though it were properly designated. Plaintiff argues that Defendant Enterprise's claim is barred by S.C. CODE. ANN. § 15-3-530(a), which prescribes a three-year statute of limitations for "an action upon a contract,

5

obligation, or liability, express or implied." Defendant Enterprise's recoupment defense, however, is not treated as "an action upon a contract" under S.C. CODE ANN. § 15-3-530(a). "Importantly, a recoupment defense 'is never barred by the statute of limitations so long as the main action itself is timely.'" *Rusnack*, 695 F. App'x at 712) (quoting *Bull v. United States*, 295 U.S. 247, 262 (1935)). Accordingly, the Court finds that Defendant Enterprise's recoupment defense is not barred by the statute of limitations.

### C. Defendant Enterprise is not Required to Join the Estate of Antwan Haskell as a Necessary Party.

Plaintiff argues that "[b]ecause Enterprise's allegations are based on the conduct of Antwan Haskell, his estate – which is not a party to this case – is a necessary party to the Counterclaim." (Dkt. No. 44-1 at 4). Accordingly, Plaintiff argues, Defendant Enterprise's claim should be dismissed pursuant to Rule 12(b)(7). (*Id.*).

To support this argument, Plaintiff relies on *JPMorgan Chase Bank, N.A. v. Guertin*, No. 3:12-cv-2363-MBS, 2012 WL 5550770 (D.S.C. Nov. 15, 2012). *JPMorgan*, however, neither holds nor suggests that a defendant must join the assignor under Rule 19 to assert a defensive claim against an assignee. Instead, the case reasoned that "as against the assignee, the obligor can only assert a claim defensively when the assignee seeks to enforce the obligation." *Id.* at *2 (quotations omitted) (quoting *Rosemond*, 288 S.C. at 523).

The Court finds that the Estate of Antwan Haskell is not a necessary party under Rule 19. "[T]he assignee of a debt takes the obligation subject to all claims and defenses the obligor may have against the assignor." *Rosemond*, 288 S.C. at 523. Although the obligor may not make claims for affirmative relief, the obligor may still assert any defensive claims that it would have had against the assignor. In this way, "the assignee steps into the shoes of the assignor, and the assignee's right to proceeds rises or falls with the assignor's rights." *W. World Ins. Grp.*, 2022

6

WL 220644, at *6 (holding that assignee's "right to proceeds is subject to all defenses" that could be "raise[d] to deny coverage to [assignor].").

The Court finds that, by virtue of assignment, the Estate of Antwan Haskell is not a necessary party. As outlined above, when an assignee sues an obligor on a contract, the obligor is entitled to assert any defense that it could have asserted against the assignor. *Rosemond*, 288 S.C. at 523. Here, Brandon Haskell assigned certain claims to Dante Pelzer. Then, Dante Pelzer sued Defendants as the assignee of Brandon Haskell's claims. Accordingly, in this action, Defendants are entitled to assert against the assignee the defensive claims it could have asserted against the assignor. Accordingly, the Court denies Plaintiff's Rule 12(b)(7) motion.

### D. Defendant Enterprise's Claim is Facially Plausible.

A Rule 12(b)(6) motion "challenges the legal sufficiency of a complaint." *Francis*, 588 F.3d at 192. On a 12(b)(6) motion, the Court does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C*, 980 F.2d at 952. Plaintiff's remaining arguments, that Defendant Enterprise's counterclaim run counter to the protections intended by the Financial Responsibility Act and that Defendant Enterprise should be estopped from asserting an alleged coverage denial, are inappropriate for evaluation on a 12(b)(6) motion. These arguments do not challenge the legal sufficiency of Defendant's allegations; instead, they seek to "resolve contests surrounding the facts, the merits of a claim, [and] the applicability of defenses." *Republican Party of N.C*, 980 F.2d at 952.

Defendant Enterprise's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, Plaintiff's motion to dismiss is denied.

## IV. Conclusion

Based on the reasons set forth above, the Court denies Plaintiff's motion to dismiss Defendant Enterprise's counterclaim (Dkt. No. 44). The Court finds that Defendant Enterprise's breach of contract counterclaim is a recoupment defense and treats the pleading as though it were properly designated under Federal Rule of Civil Procedure 8(c)(2). The Court orders Defendant Enterprise to move to amend its answer to redesignate the breach of contract counterclaim as a recoupment defense within 5 days of this Order.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard M. Gergel  
United States District Judge

July 18, 2023  
Charleston, South Carolina