**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Brandon Haskell, as personal representative of the Estate of Antwan Haskell, by and through his assignee, Dante Pelzer, as personal representative of the Estate of Jai'Von Pelzer, <br><br> Plaintiff, <br> v. <br><br> EAN Holdings, LLC and Enterprise Leasing Company–Southeast, LLC, <br><br> Defendants. | Civil Action No. 2:22-cv-02918-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on Langdon Cheves ("Mr. Cheves") and Turner Padget Graham & Laney's ("TPGL") (collectively, "Movants") motion for protective order.  (Dkt. No. 70).  Plaintiff opposes the motion  (Dkt. No. 73), and Movants replied.  (Dkt. No. 75).  Based on the reasons set forth below, the Court denies Movants' motion for protective order.

I.    **Background**

The instant case arises out of a 2018 vehicle accident in which Antwan Haskell, while operating a rental vehicle, caused an accident that killed himself and three other individuals.  Mr. Cheves, through his former law firm TPGL, was one attorney who Defendants employed to manage the claims arising from the vehicle crash.  In the present action, Plaintiff sues Defendants for breach of contract and bad faith arising from the alleged actions and omissions that occurred when Defendants, through Mr. Cheves, settled the claims in connection with the 2018 vehicle accident and failed to provide a defense for the Estate of Brandon Haskell against the claims of the Estate of Jai' Von Pelzer.

1

On August 18, 2023, Plaintiff's counsel deposed Mr. Cheves as a fact witness.  (Dkt. No. 70 at 2).  Relevant here is the following exchange during the deposition between Mr. Utsey, Plaintiff's counsel, and Ms. McWilliams, Movants' counsel:

| | |
|---|---|
| Mr. Utsey: | No.  If Enterprise sent something in writing that says the advice that Mr. Cheves gave us was defective or didn't meet the standard of care for the following reasons, that advice would be related to this matter.  And that is the crux of this matter. |
| Ms. McWilliams: | I disagree.  I disagree.  I think it goes beyond – you have asked him about this lawsuit, and I think beyond that, if there is going to be a claim against Turner Padget, I think that is between Enterprise and Turner Padget, and I think that this witness cannot answer that without invading the attorney-client privilege.  And I don't know how ELCO feels about it, but that's my position. |
| Mr. Utsey: | And all I am asking about at this point is what ELCO has said.  I am not asking about what he has discussed with Turner Padget or any attorney of Turner Padget.  I am saying what does ELCO say, as far as this malpractice claim.  That's it. |
| | *** |
| Q: | Have you seen any written claim of malpractice by Enterprise, like a letter or anything else in writing, where they say we think that we have a malpractice claim because of the following reasons? |
| A: | I don't know about a formal claim.  I have received correspondence, putting me on notice of a possible claim. |
| Q: | Was that correspondence from Enterprise or on behalf of Enterprise? |
| A: | On behalf of Enterprise. |
| Q: | What did that correspondence say? |

2

> Ms. McWilliams:    I object and instruct the witness not to
> answer, on the grounds that it invades the
> attorney-client privilege.

(Dkt. No. 71 at 5-7).

Movants moved for a protective order to prevent the disclosure of the information sought by Plaintiff's counsel based on Federal Rule of Evidence 408 and attorney-client privilege. (Dkt. No. 70). Plaintiff opposed the motion (Dkt. No. 73), and Movants replied. (Dkt. No. 75). The matter is ripe for the Court's review.

## II.    Legal Standard

Parties to civil litigation may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identify and location of persons who know of any discoverable matters." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rather, information is relevant and discoverable if it relates to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). District courts have "wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Service*, 789 F.2d 679, 683 (4th Cir. 1986); *In re MI Windows & Doors, Inc. Prod. Liab. Litig.*, 2013 WL 268206, at * 1 (D.S.C. Jan. 24, 2013).

## III.    Discussion

A. Federal Rule of Evidence 408

"Discovery of settlement-related information is governed by Rule 26." *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399–400 (S.D.N.Y. 2018). "Rule 408 does not apply to

discovery." *Id.* at 399. "After conducting an *in camera* review of the communication at issue, the Court finds that it is relevant and discoverable. Rule 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . Information within this scope of discovery *need not be admissible in evidence to be discoverable*. (emphasis added).

The Court declines to make any premature rulings on the admissibility of the communications at issue. The Court also declines to characterize the communications as 'settlement negotiations' and thus assume, as Movants have, that Rule 408 even applies. Accordingly, the Court denies Movants' motion to prevent disclosure of the information sought as absolutely privileged under Rule 408.

B. Attorney-client privilege

"The attorney-client privilege protects against disclosure of confidential communications by a client to his attorney." *State v. Owens*, 309 S.C. 402, 407 (1992). "This privilege is based upon a wise policy that considers that the interests of society are best promoted by inviting the utmost confidence on the part of the client in disclosing his secrets to this professional advisor...." *Id.* "[T]he party asserting the privilege has the initial burden to make a prima facie showing that the communications in question are privileged." *In re Mt. Hawley Ins. Co.*, 427 S.C. 159, 168–69 (2019).

The Court finds that Movants have failed to make any showing that the communications at issue are protected against disclosure by attorney-client privilege. Since the burden is on Movants to demonstrate that an attorney-client privilege applies and since Movants have made no showing at all, the Court rejects Movants' motion for protective order on the basis of attorney-client privilege.

C. Confidentiality Order

"An appropriate protective order can alleviate problems and concerns regarding both confidentiality and scope of the discovery material produced in a particular case." *Virmani v. Novant Health Inc.*, 259 F.3d 284, 287 n.4 (4th Cir. 2001). Movants ask that the communications at issue be subject to a protective order if the Court allows discovery. (Dkt. No. 75 at 4). On May 30, 2023, the Court granted the Parties' joint motion for Confidentiality Order. (Dkt. No. 40). The Court allows discovery into the communications at issue subject to the Court's Confidentiality Order.

## IV.    Conclusion

Based on the reasons set forth above, the Court denies Movants' motion for protective order. (Dkt. No. 70). The Court allows discovery into the communications at issue subject to the Court's Confidentiality Order. (Dkt. No. 40).

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

September 15, 2023
Charleston, South Carolina