# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Brandon Haskell, as personal representative of the Estate of Antwan Haskell, by and through his assignee, Dante Pelzer, as personal representative of the Estate of Jai'Von Pelzer,<br><br>　　　　　Plaintiff,<br>　v.<br><br>EAN Holdings, LLC and Enterprise Leasing Company–Southeast, LLC,<br><br>　　　　　Defendants. | Civil Action No. 2:22-cv-02918-RMG<br><br><br>**ORDER** |

　　　　The Court has pending before it a motion to remand this case to state court on the basis of a lack of complete diversity created by the addition of two parties by way of Plaintiff's Second Amended Complaint. (Dkt. No. 97). Plaintiff obtained the Court's leave to amend without disclosing that the amendment would destroy federal jurisdiction. (Dkt. No. 93).

　　　　By way of background, Plaintiff initially filed this case in the Charleston County Court of Common Pleas, and the case was removed by Defendants to federal court based on the complete diversity of the parties. (Dkt. Nos. 1, 1-1). Defendants thereafter filed a motion to dismiss (Dkt. No. 8), and Plaintiff filed his First Amended Complaint on November 21, 2022 (Dkt. No. 26). There still remained at this point complete diversity of the parties. The parties subsequently engaged over the next year in pretrial discovery and sought the Court's assistance concerning various discovery disputes. *See, e.g.*, (Dkt. Nos. 34, 38, 41, 63, 66, 68, 70, 73, 77, 78, 79, 80, 84, 88, 99, 104).

　　　　On November 28, 2023, Plaintiff moved, without opposition, for leave to file a Second Amended Complaint. (Dkt. No. 93). No mention was made that the granting of this motion for

1

leave to amend would destroy federal court jurisdiction. The Court granted the motion on December 14, 2023, as is the routine practice when there is no opposition to a motion to amend. (Dkt. No. 95). Plaintiff filed his Second Amended Complaint on December 15, 2023. (Dkt. No. 96). Four days later, on December 19, 2023, Plaintiff moved to remand the case to state court on the basis of a lack of complete diversity. (Dkt. No. 97).

Where a party whose case has been removed to federal court seeks to join additional parties whose joinder will have the effect of defeating federal jurisdiction, the Court has the discretion to "deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Where the addition of the non-diverse defendants was not brought to the attention of the Court at the time the motion to amend was made, the Court has the authority to reconsider its order granting the amendment. *See, e.g.*, *Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 307 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

The Court hereby reconsiders its order granting Plaintiff leave to file his Second Amended Complaint. (Dkt. No. 95). The Court directs the parties to brief the issue of whether the Court should exercise its discretion under 28 U.S.C. §1447(e) to grant or deny the motion to add the non-diverse parties on the following schedule: Plaintiff shall file a memorandum within 10 days of this order. Defendants may file a response within 10 days thereafter. Plaintiff may file a reply, if he wishes, 5 days after receipt of Defendants' response. The parties are directed to address in their briefing the factors set forth in *Mayes v. Rapoport*, 198 F.3d at 462–63:

(1) Whether the amendment was sought to defeat federal jurisdiction;

(2) Whether Plaintiff was dilatory in asking for the amendment;

(3) Whether Plaintiff will be significantly injured if the amendment is not allowed, including whether a judgment rendered in the absence of the non-diverse parties would be adequate; and

(4) Any other factors bearing on the equities.1

**AND IT IS SO ORDERED**

s/ Richard M. Gergel<br>
Richard M. Gergel<br>
United States District Judge

January 29, 2024
Charleston, South Carolina

---

1 Plaintiff should withhold filing a motion for leave to file a Third Amended Complaint, as referenced in the Court's order dated January 25, 2024 (Dkt. No. 114 at 2), until the Court rules upon the reconsidered motion to amend the Second Amended Complaint. A denial of the motion to amend the Second Amended Complaint could potentially be dispositive of any motion for leave to file a Third Amended Complaint.